

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# Vesta Mining Co v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Vesta Mining Co v. Director OWCP" (2007). *2007 Decisions*. Paper 84.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/84

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 06-4071

---

VESTA MINING COMPANY,
Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS;
CHARLES T. WAUGH,
Respondents

---

On Appeal from the Benefits Review Board,
U.S. Department of Labor
(BRB No. 05-0830 BLA)

---

Argued December 6, 2007

BEFORE: MCKEE, CHAGARES and HARDIMAN, Circuit Judges.

(Filed:   December 12, 2007)

James M. Poerio, Esq. **(Argued)**
Poerio, Walter & Mason
1119 Penn Avenue
Suite 303
Pittsburgh, PA 15222

    *Attorney for Petitioner*

Barry H. Joyner, Esq. **(Argued)**
Patricia M. Nece, Esq.

United States Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

 *Attorneys for Respondent Director, Office of Workers'*
 *Compensation Programs*

Cheryl C. Cowen, Esq. **(Argued)**
769 Lippencott Road
Waynesburg, PA 15370

 *Attorney for Respondent Charles T. Waugh*

---

OPINION

---

McKEE, <u>Circuit Judge</u>.

Vesta Mining Corporation petitions for review of the July 18, 2006, Decision and Order of the Benefits Review Board of the U.S. Department of Labor (the "Order"). In that Order, the Board affirmed an Administrative Law Judge's determination that Charles Waugh was entitled to benefits pursuant to the Black Lung Benefits Act, (the "Act"), 30 U.S.C. §§ 901-44, as well as the ALJ's determination that Vesta is the "responsible operator" under the Act for purposes of paying Waugh black lung benefits. For the reasons that follow, we will grant Vesta's petition for review insofar as the Order concludes that Vesta is the "responsible operator" under that Act, but we will dismiss the petition insofar as it challenges the OWCP's determination that Waugh is eligible for

2

black lung benefits.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the procedural or factual background. Counsel for OWCP concedes that the determination that Vesta is the "responsible operator" under the Act was based on evidence that was improperly submitted in violation of applicable Department of Labor regulations, *see* 20 C.F.R. § 725.408(a)(3) & (b)(2), and should therefore not have been considered as part of the record. Accordingly, the Board's affirmance of the ALJ's ruling that Vesta is the responsible operator is not supported by the record, and Vesta's petition for review of the Order must be granted.

Vesta represented at argument that, in the event we conclude that it is not the responsible operator, it will no longer challenge Waugh's eligibility for benefits. Thus, insofar as the petition for review challenges the award of benefits to Waugh, the petition is dismissed, and Waugh's entitlement to benefits under the Act is affirmed.

Counsel for the Director also concedes that, if we vacate the determination that Vesta is the responsible operator, Waugh will be entitled to receive benefits from the Black Lung Disability Trust Fund. 26 U.S.C. § 9501; 20 C.F.R. § 725.407(d).[*]

Accordingly, we will remand this matter to the Board for entry of an order designating the Trust Fund as the responsible payor of Waugh's benefits under the Act.

---

[*] Although Waugh has been receiving payments from the Trust Fund, counsel for Waugh has represented that Waugh has not been able to use the proceeds of those checks because of this challenge to his entitlement to black lung benefits.